**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHERINE TRINH, | Case No. 2:21-cv-07004-MCS |
| Debtor. | Bankruptcy Case No. 2:18-bk-11475-RK |
| KEVIN VOONG, | Adversary Case No. 2:18-ap-01209-RK |
| Plaintiff-Appellant, | **ORDER AFFIRMING JUDGMENT** |
| v. | |
| CATHERINE TRINH, | |
| Defendant-Appellee. | |

Appellant Kevin Voong appeals the Bankruptcy Court's judgment upon its order granting Second Generation, Inc.'s motion for summary adjudication in an adversary proceeding between Voong and Debtor Catherine Trinh, in which Second Generation intervened.

**I.   BACKGROUND**

Voong and Trinh were married in 2001. According to Voong, he and Trinh made certain agreements concerning their separate and community property. (Appellant's Excerpts of Record ("Appellant's EOR"), tab 1 ("Adversary Compl.") ¶¶ 4–12, ECF No. 16.)

1

Second Generation sued Trinh and others in state superior court. The state court issued a prejudgment writ of attachment against Trinh. Second Generation had the attachment executed against certain property Voong contends is his separate property—including, as relevant to this appeal, Voong and Trinh's residence in Arcadia (the "Las Flores Property"), which Voong claims is 85 percent his separate property. (*See generally* Adversary Compl. ¶¶ 13–16, 18.)

Trinh filed for bankruptcy protection. (Appellee's Excerpts of Record ("Appellee's EOR"), tab 8, ECF No. 19-4.) Voong brought an adversary proceeding against Trinh in the Bankruptcy Court seeking a declaratory judgment that certain property, including 85 percent of the Las Flores Property, was his sole and separate property, and that the attachments on his property must be released. (Adversary Compl. ¶¶ 32–34 & Prayer for Relief ¶ 2.) Second Generation intervened. (*See* Appellant's EOR, tabs 11–12, ECF No. 16-1.)

Second Generation moved for summary adjudication as to issues pertaining to the Las Flores Property. (Appellant's EOR, tabs 15–16, ECF No. 16-1.) Trinh did not oppose. (Appellant's EOR, tab 34 ("Tr."), at 1–2, ECF No. 16-2.) In his response to Second Generation's statement of undisputed facts, Voong conceded that title to the property was taken and held as community property, and that any transfer or transmutation was unrecorded. (*See* Appellant's EOR, tab 26 ("SUF Resp.") ¶¶ 3–6, ECF No. 16-2.) Voong did not argue that the purchase of the Las Flores Property could be traced to his separate property or offer any evidence that the Las Flores Property was acquired or improved with Voong's separate-property funds. (*See* Appellant's EOR, tab 25 ("MSA Opp'n"), at 6, ECF No. 16-2; *id.*, Voong Decl. ¶¶ 2–6.) At oral argument, however, Voong and Trinh both argued that the Las Flores Property could be traced to a separate-property source. (*See* Tr. 3–4, 18, 20–21.) The Bankruptcy Court rejected their argument, noting that "neither spouse offered any evidence about the source of the funds to buy the residence." (*Id.* at 21.) The Bankruptcy Court noted that no party had argued or presented evidence in the motion papers that the Las Flores Property could

be traced to a separate-property source. (Tr. 4–5, 14, 21–22, 25–26, 32.)

The Bankruptcy Court granted Second Generation's motion. (Appellant's EOR, tab 28 ("MSA Order"), ECF No. 16-2.) The Bankruptcy Court found that any transfer or transmutation of the Las Flores Property was avoided, and that the property was Trinh's community property and property of the estate as of the petition date. (*Id.* at 2–3.) The Bankruptcy Court did not address whether the Las Flores Property could be traced to Voong's separate property. (*See generally id.*)

Voong appealed the Bankruptcy Court's order on the motion, and this Court affirmed it. (Appellee's EOR, tab 1 ("Order Affirming"), ECF No. 19-2.) The Ninth Circuit dismissed Voong's further appeal for lack of jurisdiction. *Voong v. Trinh (In re Trinh)*, No. 21-55186, 2021 U.S. App. LEXIS 13951, at *1 (9th Cir. May 11, 2021). Subsequently, the Bankruptcy Court entered a final judgment against Voong pursuant to its MSA Order. (Appellee's EOR, tab 2, ECF No. 19-2.) Voong appeals the judgment.

## II. LEGAL STANDARD

"Findings of fact of the bankruptcy court are reviewed for clear error, and conclusions of law are reviewed de novo. Mixed questions of law and fact are reviewed de novo." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (citations omitted). The bankruptcy court's "findings of fact are accorded considerable deference and are only clearly erroneous if we are left with a definite and firm conviction a mistake has been committed." *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 618 B.R. 1, 5 (9th Cir. B.A.P. 2020). This court may affirm a decision on any basis supported by the record. *Id.*

## III. DISCUSSION

The sole issue presented is whether the Bankruptcy Court erred in failing to allow tracing to demonstrate separate-property interests in the Las Flores Property. (Opening Br. 1–2, ECF No. 15.) The Court's analysis of the issue has not changed since the last appeal: the Bankruptcy Court did not err. (*See generally* Order Affirming.)

Voong admitted that title to the Las Flores Property was taken and held as

community property, and that any transfer or transmutation was unrecorded. (*See* SUF Resp. ¶¶ 3–6.) The Bankruptcy Court properly determined based on the uncontroverted facts that the Las Flores Property was community property and that any transfer or transmutation was avoided. (MSA Order 2–3.) *See* 11 U.S.C. § 544(a) (permitting bankruptcy trustee to avoid unrecorded transfers); Cal. Fam. Code § 760 (describing community-property presumption); *id.* § 852(b) ("A transmutation of real property is not effective as to third parties without notice thereof unless recorded."); *In re Marriage of Valli*, 58 Cal. 4th 1396, 1400 (2014) ("Property that a spouse acquired during the marriage is community property unless it is (1) traceable to a separate property source, (2) acquired by gift or bequest, or (3) earned or accumulated while the spouses are living separate and apart." (citations omitted)).

Although Voong complains that the Bankruptcy Court did not discuss tracing in its written decision, Voong did not present a tracing argument in his written opposition to Second Generation's motion. (*See generally* MSA Opp'n.) The Bankruptcy Court addressed and rejected the tracing theory at oral argument on the basis that Voong failed to present evidence and argument supporting the theory in the motion papers. (Tr. 4–5, 14, 21–22, 25–26.) Voong's counsel acknowledged that evidence in the record of the motion did not support the theory. (*See id.* at 3–4.) The Bankruptcy Court rejected the theory on the record, reasoning that "there are certain ways to rebut the presumption of community property, and he didn't do it. You know, he didn't trace to separate property source." (*Id.* at 32.)

The Bankruptcy Court did not err by limiting its written decision to the claims and arguments presented by the parties in their moving papers. As articulated by the Supreme Court:

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral

4

>arbiter of matters the parties present. . . . [A]s a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."

*Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008) (second alteration in original) (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003)). Further, courts may decline to consider an argument raised for the first time at a motion hearing. *Rice Corp. v. Grain Bd. of Iraq*, 582 F. Supp. 2d 1309, 1313 (E.D. Cal. 2008); *see also Johnson v. Gruma Corp.*, 614 F.3d 1062, 1069 (9th Cir. 2010) (deeming waived contentions raised for the first time at oral argument). The Bankruptcy Court had discretion not to address an argument presented outside the motion papers and unsupported by submitted evidence. It properly declined to address in the written decision a tracing theory presented at oral argument.

Voong argues that the declaration he submitted in opposition to the motion provides evidence that the Las Flores Property could be traced to his separate property. (*See* Opening Br. 8–10; Reply Br. 2, ECF No. 20.) It does not. "[V]irtually any credible evidence may be used" to overcome the community-property presumption, including "an agreement or clear understanding between parties regarding ownership status." *In re Marriage of Haines*, 33 Cal. App. 4th 277, 290 (1995). The declaration articulates that Voong and Trinh believed the Las Flores Property was 85 percent Voong's separate property, as memorialized in their postnuptial agreement. (MSA Opp'n, Voong Decl. ¶¶ 4–5.) The declaration might show how the couple characterized the Las Flores Property, but it does not indicate how the couple came to that agreement or provide any information upon which Voong's separate-property interest may be traced. The couple's agreement instead could be understood as an attempted transmutation. *See* Cal. Fam. Code § 850. Indeed, Voong advanced a transmutation theory in his opposition brief. (*See* MSA Opp'n 6.) As the Bankruptcy Court commented, the declaration does not provide evidence supporting tracing. (*See* Tr. 22 ("There's no evidence regarding,

you know, the source of the funds . . . .").) Even if it did, the Bankruptcy Court was under no obligation to invent a tracing argument on Voong's behalf based on its review of the declaration. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Voong presents additional evidence supporting his assertion that the purchase of the Las Flores Property is traceable to his separate property. (*See* Opening Br. 2 (citing Appellant's EOR, tab 30, ECF No. 16-2).) This evidence, first submitted in a motion for leave to appeal, was not presented to the Bankruptcy Court for its consideration of the motion for summary adjudication, or any subsequent, timely motion for reconsideration or motion to alter or amend the judgment. This Court cannot review it. *See Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1261 n.4 (9th Cir. 2016) ("We decline to address new evidence cited for the first time on appeal to seek reversal of a lower court's summary judgment determination.").

## IV. CONCLUSION

The Court affirms the judgment of the Bankruptcy Court. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: January 13, 2022

                                                    MARK C. SCARSI
                                                    UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court